IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01483-REB-MEH

ELIZABETH WOJDACZ,

    Plaintiff,

v.

COLORADO SPRINGS CITY POLICE DEPARTMENT,
COMMANDER BRIAN GRADY,
OFFICER JOHN IRELAND,
PATRICK MILLER,
PENROSE ST. FRANCIS HEALTHCARE,
GARY LEE NORMAN,
MICHAEL J. DUNCAN, and
CLIFF HUDSON,

    Defendants.

## ORDER ON MOTIONS TO STRIKE

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Plaintiff's Opposed Motion to Strike Defendant Penrose-St. Francis Healthcare's Amended Motion to Dismiss and for Judgment on the Pleadings [filed December 26, 2012; docket #104] and Plaintiff's Motion to Strike Defendant Patrick Miller's Motion for Judgment on the Pleadings and Motion to Dismiss [filed December 26, 2012; docket #105].

**I.    Background**

Plaintiff initiated this action on June 7, 2012, and filed an Amended Complaint on August 2, 2012. (Dockets ##1, 19.) In addition to the Colorado Springs Police Department and several of its officers ("the City Defendants"), Plaintiff names Dr. Patrick Miller and Penrose St. Francis Healthcare ("Penrose"), Gary Norman, Michael Duncan, and Cliff Hudson as Defendants. Though

Plaintiff's allegations are numerous, she asserts three distinct claims for relief: (1) alleged racketeering activities under the Colorado Organized Crime Control Act, Colo. Rev. Stat. 18-17-104 ("COCCA") against all Defendants jointly and severally; (2) alleged violations of her First, Fourth, and/or Fourteenth Amendment rights against the City Defendants and Defendants Norman and Duncan; and (3) alleged malpractice against Defendants Miller and Penrose. (Docket #19 at 30.)

In response to Plaintiff's Amended Complaint, Defendants Penrose and Miller each filed a motion to dismiss and for judgment on the pleadings. (Dockets ##81, 88.) On November 29, 2012, the Court struck the motions for failure to comply with Judge Blackburn's page restrictions. (*See* docket #91.) The following day, Defendant Penrose filed an amended motion to dismiss and for judgment on the pleadings. (Docket #92.) Defendant Miller filed a similar motion on December 4, 2012. (Docket #94.) Both motions remain pending before the Court.

In response, Plaintiff filed the pending motions to strike. The Court will consider each in turn.

**II.     Discussion**

Beginning with Defendant Penrose, Plaintiff asks the Court to strike the pending motion to dismiss and for judgment on the pleadings because Plaintiff believes Penrose has waived most of its defenses by failing to include them in its answer. Plaintiff appears particularly disturbed that Penrose has not asserted any affirmative defenses related to Plaintiff's COCCA claims. She argues that Penrose's failure to assert specific affirmative defenses with respect to such claims constitutes an admission of liability. Therefore, Plaintiff asks the Court to strike to strike Penrose's motion to dismiss.

At the outset, the Court notes that Fed. R. Civ. P. 12(h)(1)(B) provides that only those

defenses listed in Rule 12(b)(2)-(5) are subject to waiver if not raised in a responsive pleading. Defendant Penrose's initial and amended motions to dismiss seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c). (*See* dockets ##81, 92.) According to Rule 12(c), a party must move for judgment on the pleadings "after the pleadings are closed–but early enough not to delay trial . . .." A party may move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) by motion under Rule 12(c) or at trial. *See* Fed. R. Civ. P. 12(h)(2)(B)-(C). Because both of Penrose's motions are timely under Rule 12, the Court must disagree with Plaintiff's conclusion regarding the waiver of any defense or the admission of liability. In light of Plaintiff's mistaken impressions, the Court finds no basis on which to strike Defendant Penrose's amended motion to dismiss and for judgment on the pleadings.

With respect to Defendant Miller's amended motion to dismiss and for judgment on the pleadings, Plaintiff argues that the motion fails to justify dismissal. In particular, Plaintiff contends that her claims against Dr. Miller relate to his conduct as co-conspirator with other defendants, rather than his provision of medical services. Plaintiff appears to perceive that Dr. Miller's defenses are insufficient as a matter of law and, therefore, should be stricken.

Upon review of Defendant Miller's motion to dismiss and for judgment on the pleadings, the Court finds no basis on which to strike the motion. The fact that Plaintiff disagrees with Dr. Miller's approach to the litigation does not persuade the Court to undertake such a drastic remedy. If Plaintiff wishes to contest the adequacy of Dr. Miller's reasons for dismissal, she should do so in her response to the motion.

**III.   Conclusion**

Accordingly, as stated herein, Plaintiff's Opposed Motion to Strike Defendant Penrose-St. Francis Healthcare's Amended Motion to Dismiss and for Judgment on the Pleadings [filed

December 26, 2012; docket #104] and Plaintiff's Motion to Strike Defendant Patrick Miller's Motion for Judgment on the Pleadings and Motion to Dismiss [filed December 26, 2012; docket #105] are **DENIED**.

Dated this 2nd day of January, 2013, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge