IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01483-REB-MEH

ELIZABETH WOJDACZ,

    Plaintiff,

v.

PATRICK MILLER,
PENROSE ST. FRANCIS HEALTHCARE,
GARY LEE NORMAN,
MICHAEL J. DUNCAN, and
CLIFF HUDSON,

    Defendants.

---

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on February 28, 2013.**

    Pending before the Court is Plaintiff's Opposed Motion to Take Tape Recorded Depositions of Party Defendant(s) with Stipulation Any Party May Bring Their Own Recorder [filed February 27, 2013; docket #127]. Pursuant to D.C. Colo. LCivR 7.1C, the Court decides the Motion without a response from Defendant Ireland, who allegedly opposes the relief requested.

    Plaintiff's Motion asks the Court to permit Plaintiff to tape record the depositions of Defendants. However, pursuant to Fed. R. Civ. P. 30(b)(3)(A), no such permission is required. As long as Plaintiff states the method of recording in a proper notice, and unless the Court orders otherwise, "testimony may be recorded by audio, audiovisual, or stenographic means." *Id*. As the noticing party, Plaintiff bears the recording costs. *Id*.

    The Court reminds Plaintiff of the other requirements of Fed. R. Civ. P. 30, including the requirement that depositions be conducted before an officer appointed or designated under Rule 28. *See* Fed. R. Civ. P. 30(b)(5). For depositions recorded non-stenographically, Fed. R. Civ. P. 30(b)(5)(B) provides that the officer must "repeat the items in Rule 30(b)(5)(A)(i)-(iii) at the beginning of each unit of the recording medium." Distortion of a deponent or attorney's demeanor through recording techniques is expressly prohibited. *Id*.

    With these provisions in mind, Plaintiff's Motion is **granted**. Any challenge to the adequacy of Plaintiff's notice of deposition or to a deposition itself may be filed if and when such notice is issued or such deposition occurs.