**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01483-REB-MEH

ELIZABETH WOJDACZ,

    Plaintiff,

v.

OFFICER JOHN IRELAND,
PATRICK MILLER,
PENROSE-ST. FRANCIS HEALTHCARE,
GARY LEE NORMAN,
MICHAEL J. DUNCAN, and
CLIFF HUDSON,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO RECUSE

**Blackburn, J.**

    The matter before me is **Plaintiff's Opposed Motion To Recuse Federal Judge Robert E. Blackburn** [#150],[1] filed April 1, 2013. I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question). Exercising my discretion to rule on the motion without awaiting a response, *see* **D.C.COLO.LCivR** 7.1C., I deny the motion.

    Plaintiff is proceeding *pro se*. Thus, I have construed her pleadings and papers more liberally and held them to a less stringent standard than formal pleadings drafted by attorneys-at-law. *See* **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007);

---

[1] "[#150]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

Under 28 U.S.C. § 455, a judge must recuse himself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." ***Bryce v. Episcopal Church in the Diocese of Colorado***, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). Proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias. ***Id.***; ***Salt Lake Tribune Publishing Co. v. AT & T Corp.***, 353 F.Supp.2d 1160, 1172 (D. Utah 2005). Nevertheless, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." ***United States v. Hines***, 696 F.2d 722, 729 (10th Cir. 1982); ***see also Bryce***, 289 F.3d at 659. Instead, "'[d]isqualification for lack of impartiality must have a *reasonable* basis.'" ***See Jackson v. Fort Stanton Hospital and Training School***, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R. Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original).

Plaintiff here has shown no basis, much less a reasonable basis, for requiring my recusal in this matter. Her motion suggests only that she has filed undisclosed information with the Department of Justice concerning unspecified conduct on my part in this case. Plaintiff cites no facts or authority in support of her contention that my recusal under these circumstances is mandatory, and I have found none. To the contrary, "[t]he mere filing of a complaint of judicial misconduct is not grounds for recusal." ***In re Evergreen Securities, Ltd.***, 570 F.3d 1257, 1265 (11th Cir. 2009). ***See***

*also United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir.1986) (judge is not disqualified by a litigant's suit or threatened suit, or by a litigant's "intemperate and scurrilous attacks").  Indeed,"it would be detrimental to the judicial system if a judge had to disqualify himself anytime someone filed a complaint about his conduct."  *In re Evergreen Securities*, 570 F.3d at 1265.

I note that plaintiff's other recent filings suggest that she believes I have conspired with the United States magistrate judge and the attorneys for defendants in this case to file false documents and tamper with witnesses in the case.  (*See* **Plaintiff's Objections to Magistrate Hegarty Recommendations for Defendant Miller and Defendant Penrose Motion for Judgment on the Pleadings** [#149], filed April 1, 2013.)  Apart from plaintiff's own vague speculations, there is not a single shred of evidence to support these wholly unsubstantiated allegations.  *See Hines*, 696 F.2d at 729.  The fact that plaintiff is prosecuting this matter *pro se* does not absolve her of responsibility for alleging adequate factual detail to support her claims for relief.  *See Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997); *Hall v. Bellmon*, 935 F.2d 1106, 1110, (10th Cir. 1991).

As best the court can discern, it appears that plaintiff is unhappy with the fact that certain defendants filed briefs that did not comply with this court's practice standards, which the magistrate judge appropriately ordered stricken.  (*See* **Minute Order** [#91], filed November 29, 2012.)  Apparently, plaintiff believes this course of events allowed defendants additional time in which to file Rule 12 motions, which, in turn, supposedly prevented her from timely deposing relevant witnesses in the case.  Plaintiff seems to

construe this course of events as suggesting that the court has conspired with defense counsel to prevent her from discovering the truth of this case and to dismiss her claims for failure to adequately plead.

There are at least two problems with this position, beyond its foundation in nothing more than plaintiff's own, unsubstantiated suspicions. First, dissatisfaction with a court's legal rulings provides no basis supporting recusal of the presiding judge. *See Liteky v. United States*, 510 U.S. 540, 554, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). Recusal on the basis of unfavorable rulings or knowledge of the parties, their counsel, and the litigation formed in the course of presiding over the case is limited to those extraordinary situations in which the circumstances "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* No such bias is demonstrated by the procedural or substantive rulings in this case. Indeed, no "well-informed, thoughtful and objective observer" would perceive anything at all suspicious in the progress of this litigation. *See United States v. Evans*, 262 F.Supp.2d 1292, 1294 (D. Utah 2003).

Second, plaintiff's arguments appear to manifest a misunderstanding of the nature of motions to dismiss under Rule 12(b), which having nothing to do with the merits of the case, but instead are directed entirely to whether the complaint itself pleads "'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Discovery *vel non* is not relevant to the process by which the court determines

such motions.[2] Plaintiff's complaints about the course of discovery, therefore, have no bearing on the proper resolution of the pending motions to dismiss.

**THEREFORE IT IS ORDERED** that **Plaintiff's Opposed Motion To Recuse Federal Judge Robert E. Blackburn** [#150], filed April 1, 2013, is **DENIED**.

Dated April 3, 2013, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge

---

[2] I note that the extant discovery deadline in this case is June 1, 2013. (*See* **Courtroom Minutes/Minute Order** at 1 [#51], filed September 10, 2012.)