IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01483-REB-MEH

ELIZABETH WOJDACZ,

    Plaintiff,

v.

OFFICER JOHN IRELAND,
GARY LEE NORMAN,
MICHAEL J. DUNCAN, and
CLIFF HUDSON,

    Defendants.

## ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court are Plaintiff's Opposed Motion to Remove Attorney Michael Watts From This Case [filed April 1, 2013; docket #152], Plaintiff's Opposed Motion to Remove Attorney Kim Deline From This Case [filed April 1, 2013; docket #153], and Plaintiff's Opposed Motion to Remove Attorney Eric Lamphere From This Case [filed April 1, 2013; docket #154]. In light of Judge Blackburn's April 4, 2013 Order dismissing Plaintiff's claims against Defendants Penrose-St. Francis Healthcare and Patrick Miller, Kim Deline and Michael Watts are no longer counsel of record in this case. Thus, Plaintiff's Opposed Motion to Remove Attorney Michael Watts From This Case [docket #152] and Plaintiff's Opposed Motion to Remove Attorney Kim Deline From This Case [docket #153] are **denied as moot**. The Court construes the remaining filing liberally as a Motion to Disqualify Counsel. Judge Blackburn has referred the Motion to this Court for

resolution.¹  (Docket #158.)

As the party moving for disqualification, Plaintiff has the "burden of showing grounds for such action."  *Sequa Corp. v. Lititech, Inc.*, 807 F. Supp. 653, 659 (D. Colo. 1992).  However, "[c]ounsel cannot be disqualified on the basis of speculation or conjecture[.]" *Id*.  (citations and quotations omitted).  Because motions to disqualify "may often pose the very threat to the integrity of the judicial system that the purport to prevent," judges must exercise caution in determining whether disqualification in warranted. *Id*.

In this case, Plaintiff has provided neither facts nor legal authority which would support the disqualification of any attorney in this case.  Because Plaintiff has failed to meet her burden, Plaintiff's Opposed Motion to Remove Attorney Eric Lamphere From This Case [docket #154] is **denied**.

Dated and entered this 5th day of April, 2013, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

¹A magistrate judge's lawful authority to rule on a disqualification motion falls within the "pretrial duties" or "additional duties" delegated to magistrate judges under the Federal Magistrates Act. *Layne Christensen Co. v. Purolite Co.*, 2011 WL 1113543, at *1 n.1 (D. Kan. March 24, 2011) (citing *Affeldt v. Carr*, 628 F. Supp. 1097, 1101 (N.D. Ohio 1985)).