IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01483-REB-MEH

ELIZABETH WOJDACZ,

    Plaintiff,

v.

OFFICER JOHN IRELAND,
GARY LEE NORMAN,
MICHAEL J. DUNCAN, and
CLIFF HUDSON,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Opposed Motion to Vacate All Findings and Judgments in the Above Captioned Case Due to Fraud Upon the Court by Judge Blackburn, Magistrate [Judge] Hegarty, Attorney Eric Lamphere, Attorney Kim Deline & Attorney Michael Watts [filed April 1, 2013; docket #155]. This matter has been referred to this Court for recommendation. (Docket #58.) Based on the content of the Motion, the Court determines that neither full briefing nor oral argument are necessary. For the reasons set forth below, the Court recommends the Motion be **DENIED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and

**I.    Background**

Plaintiff initiated this action on June 7, 2012, and filed an Amended Complaint on August 2, 2012. (Dockets ##1, 19.) Plaintiff's Amended Complaint names the Colorado Springs Police Department ("CSPD"), Commander Brian Grady, Officer John Ireland, Dr. Patrick Miller, Penrose St. Francis Healthcare ("Penrose"), Gary Lee Norman, Michael J. Duncan, and Cliff Hudson as Defendants. Though Plaintiff's allegations are numerous, she asserts three distinct claims for relief: (1) alleged racketeering activities under the Colorado Organized Crime Control Act, Colo. Rev. Stat. 18-17-104 ("COCCA") against all Defendants jointly and severally; (2) alleged violations of her First, Fourth, and/or Fourteenth Amendment rights against the City Defendants and Defendants Norman and Duncan; and (3) alleged "malpractice, negligent acts and omissions, and deliberate acts and omissions" against Defendants Miller and Penrose. (Docket #19 at 30.) On February 25, 2013, Judge Blackburn dismissed Defendants CSPD and Officer Grady from this lawsuit and dismissed all but one claim against Officer Ireland. (Docket # 126.) Similarly, on April 4, 2013, Judge Blackburn dismissed Defendants Miller and Penrose. (Docket #164.)

Over the course of this litigation, Plaintiff has filed numerous documents accusing the Court and counsel of fraud. (Dockets ##39, 103, 155.) In the present Motion, Plaintiff seeks "to vacate all findings and orders of this Court. . . due to fraud upon the Court pursuant to Federal Rule[] of Civil Procedure []60(b)(3)." (Docket #155 at 1.) Plaintiff claims to have evidence of this fraud contained on a compact disc which she submitted as conventionally filed material. (Dockets ##155,

---

recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

148.)

## II. Legal Standard

To establish fraud upon the Court in accordance with Fed. R. Civ. P. 60(b)(3), a party must show "that one has acted with an intent to deceive or defraud the court." *Robinson v. Audi Atiengesellschaft*, 56 F.3d 1296, 1267 (10th Cir. 1995). In the absence of an intent to deceive or defraud, even misrepresentations made to a court will not provide a sufficient basis for setting aside a judgment "under the guise of 'fraud on the court.'" *Id*. As a general matter, "only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute fraud on a court." *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996).

A party seeking relief under Fed. R. Civ. P. 60(b)(3) "must, by adequate proof clearly substantiate the claim of fraud, misconduct, or misrepresentation." *Zurich N. Amer. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1292 (10th Cir. 2005). In other words, they must come forward with "clear and convincing proof of fraud, misrepresentation, or misconduct." *Id*. Because fraud on the court "runs counter to the strong policy of judicial finality," courts must construe the doctrine tightly in recognition of its severe consequences. *Weese*, 98 F.3d at 553.

## III. Analysis

As noted above, Plaintiff's Motion contains no facts or legal authority apart from the United States Code Provision under which she moves. Plaintiff claims a compact disc she filed in connection with this lawsuit contains evidence that Judge Blackburn, myself, and counsel for various parties "did engage in fraud upon the court that did rise to the level of federal violations of law." (Docket #155 at 1.) In light of these materials, Plaintiff believes all findings and orders entered in

this case must be vacated.

At the outset, the Court reminds Plaintiff that it is not obligated to sift through the 4,225 pages of documents contained on the compact disc to find support for her Motion. *See SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (finding no obligation of the court to "sift through" the record in search of evidence to support a party's claims). However, the Court has reviewed a sampling of documents provided by Plaintiff and finds that they do not substantiate Plaintiff's allegation of fraud upon the court. It appears Plaintiff created several of the documents in an effort to describe events dating back to 1977, including a dissolution of marriage, domestic violence incidents, criminal charges, Plaintiff's church attendance, the removal of Plaintiff's children by child protective services, and Plaintiff's mental health treatment. Plaintiff has also included portions of her medical and financial records. Other documents apparently drafted by counsel allege that Plaintiff is prohibited from attending a particular church due to her alleged abuse of clergy and parishioners. Additionally, Plaintiff attaches photographs of her son's deceased body.

Despite the quantity and diversity of documents Plaintiff has produced, none of them provide support for her allegation of fraud upon the court by either counsel or the judicial officers in this case. They do, however, evince a long history of suspicion on the part of Plaintiff. Based on the content of the present Motion and the high evidentiary standard this Court must apply in reviewing a request for relief under Rule 60(b)(3), the Court respectfully recommends that Plaintiff's Opposed Motion to Vacate All Findings and Judgments in the Above Captioned Case Due to Fraud Upon the Court by Judge Blackburn, Magistrate [Judge] Hegarty, Attorney Eric Lamphere, Attorney Kim Deline & Attorney Michael Watts [filed April 1, 2013; docket #155] be **DENIED**.

Dated and entered this 5th day of April, 2013, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge