IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01483-REB-MEH

ELIZABETH WOJDACZ,

    Plaintiff,

v.

OFFICER JOHN IRELAND,
GARY LEE NORMAN,
MICHAEL J. DUNCAN, and
CLIFF HUDSON,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Opposed Motion to Consolidate Actions [filed August 14, 2013; docket #203]. The matter is referred to this Court for recommendation.[1] For the reasons set forth below, the Court recommends the Motion be **DENIED**.[2]

---

[1] Pursuant to D.C. Colo. LCivR 42.1, "A motion to consolidate should be decided by the district judge to whom the oldest case is assigned for trial."

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F.

**I.      Background**

Plaintiff initiated this action ("*Wojdacz I*") on June 7, 2012. (Docket #1.) Since that date, she has filed numerous documents accusing the Court and counsel of fraud. (Dockets ##39, 103, 155.) Initially, Plaintiff attempted to name myself, Judge Blackburn, and various counsel of record as Defendants in this action based upon her belief that the aforementioned persons had conspired with existing Defendants to violate Plaintiff's civil rights. (Dockets ##169, 177.) When these attempts failed [*see* dockets ##171, 179], Plaintiff filed a separate action in this District, *Wojdacz v. Blackburn, et al.*, Case No. 13-cv-01738-MSK ("*Wojdacz II*") on July 2, 2013. (*Wojdacz II*, docket #1.) Although the Clerk of the Court assigned *Wojdacz II* to Judge Blackburn at its inception, Judge Blackburn entered an order of recusal on July 8, 2013, to avoid any appearance of impartiality that might arise from being named as a Defendant in the case. (*Id.*, docket #4.) The case was subsequently reassigned to Senior Judge Daniel, who returned the case, and then to Chief Judge Krieger. (*Id.*, dockets ##5, 7, 8.) Plaintiff moved to consolidate *Wojdacz I* and *Wojdacz II* on August 14, 2013. (*Id.* docket # 15; *Wojdacz II*, docket #203.)

**II.      Discussion**

According D.C. Colo. LCivR 42.1, "Cases consolidated shall be assigned for all further purposes to the judicial officer to whom the lowest numbered consolidated case previously was assigned for trial." Here, *Wojdacz I* is the lowest numbered case among the two, thus, D.C. Colo. LCivR 42.1 mandates that *Wojdacz II* would be assigned to Judge Blackburn in the event of consolidation. Because Judge Blackburn has expressly declined to enter any further orders in *Wojdacz II*, consolidation is not a viable option at this time.

---

App'x 381, 382-83 (10th Cir. 2009).

2

**III.    Conclusion**

For the reasons set forth above, the Court recommends that Plaintiff's Opposed Motion to Consolidate Actions [filed August 14, 2013; docket #203] be **DENIED**.

Dated and entered this 19th day of August, 2013, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge