**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01483-REB-MEH

ELIZABETH WOJDACZ,

    Plaintiff,

v.

OFFICER JOHN IRELAND,
GARY LEE NORMAN,
MICHAEL J. DUNCAN, and
CLIFF HUDSON,

    Defendants.

**ORDER SUSTAINING OBJECTION TO AND REJECTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE
AND GRANTING DEFENDANT IRELAND'S MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#226],[1] filed October 17, 2013; and (2) **Officer John Ireland's Objection to the Recommendation of United States Magistrate Judge (Doc. No. 26)** [#227], filed October 31, 2013. The magistrate judge finds that there are genuine issues of material fact regarding whether plaintiff consented voluntarily to Officer Ireland's search of her home and thus recommends that **Officer John Ireland's Motion for Summary Judgment** [#207], filed August 30, 2013, be denied. I disagree and respectfully reject the recommendation and grant Officer Ireland's motion for summary

---

[1] "[#226]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

judgment.

Plaintiff is proceeding *pro se*. Accordingly, and appropriately, the magistrate judge construed her pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers, as have I.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

I begin my analysis by rehearsing the familiar standard of review: " [t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "'An issue is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way' and '[a]n issue of fact is material if under the substantive law it is essential to the proper disposition of the claim.'" **Lundstrom v. Romero**, 616 F.3d 1108, 1118 (10th Cir. 2010) (quoting **Thom v. Bristol–Myers Squibb Co.**, 353 F.3d 848, 851 (10th Cir. 2003) (internal quotation marks omitted).

Additionally, a motion for summary judgment asserting qualified immunity must be reviewed differently from other motions for summary judgment.  **See Saucier v. Katz**, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001), **overruled in part on other grounds by Pearson v. Callahan**, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009); **Holland v. Harrington**, 268 F.3d 1179, 1185 (10th Cir. 2001), **cert.**

*denied*, 122 S.Ct. 1914 (2002).  Where, as here, a defendant asserts qualified immunity, the burden shifts to the plaintiff.  *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000).  To overcome a claim of qualified immunity, the plaintiff first must establish "that the defendant's actions violated a constitutional or statutory right."  *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995).  *See also Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) (noting the court first must decide whether the plaintiff has alleged deprivation of a constitutional right).  This burden entails presenting specific facts establishing the violation.  *Taylor v. Meacham*, 82 F.3d 1556, 1559 (10th Cir.), *cert. denied*, 117 S.Ct. 186 (1996).[2]

Plaintiff's sole remaining claim against Officer Ireland arises from her consent, *vel non*, to a search of her residence.  The undisputed, material facts, more thoroughly recounted by the magistrate judge in his recommendation, demonstrate that plaintiff, out of concern for her own safety, went to the Police Operation Center in Colorado Springs, Colorado, to request assistance following an altercation between herself and defendant, Gary Norman.  Officer Ireland went to plaintiff's residence, but no one responded to his knock, and Mr. Norman's vehicle was not at the house.  There is no dispute that plaintiff consented to allow Officer Ireland to search the home and never withdrew her consent.  However, whereas Officer Ireland avers that plaintiff asked him to search the house to determine whether Mr. Norman had taken any firearms with him, plaintiff insists that, based on Officer Ireland's words and tone, she believed she was required to let him

---

[2] Throughout, I have viewed the facts in the light most favorable to plaintiff.

search the house.[3] Based on this divarication, the magistrate judge recommends that Officer Ireland's motion for summary judgment on the basis of qualified immunity be denied.

The warrantless search of a residence does not violate the Fourth Amendment if the owner voluntarily consents to the search. **See United States v. Jones**, 701 F.3d 1300, 1317 (10th Cir. 2012). "'Voluntary consent' consists of two parts: (1) the law enforcement officers must receive either express or implied consent, and (2) that consent must be freely and voluntarily given." **Id.** As noted by the magistrate judge, neither party contests that plaintiff gave Officer Ireland permission to search her home. Rather, the determinative question is whether plaintiff's consent was freely and voluntarily given.

"The question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." **United States v. Harrison**, 639 F.3d 1273, 1278 (10th Cir. 2011). Factors relevant to this analysis include

> physical mistreatment, use of violence, threats, promises, inducements, deception, trickery, or an aggressive tone, the physical and mental condition and capacity of the defendant, the number of officers on the scene, and the display of police weapons. Whether an officer reads a defendant his Miranda rights, obtains consent pursuant to a claim of lawful authority, or informs a defendant of his or her right to refuse consent also are factors to consider in determining whether consent given was voluntary under the totality of the

---

[3] During cross-examination in her deposition, plaintiff repeatedly used words to the effect that Officer Ireland told her that she had to let him in her house. (**See, e.g.**, **Def. Motion App.**, Exh. 1 at p 26, l. 8; p 26, ll. 14-17; p 27, l. 16; p. 28, ll. 6-7; p. 50, ll. 17-20; p. 51, l. 24 - p. 52, l. 1; p. 53, ll. 8-9; p. 54, ll. 8-10; & p. 55, l. 12.) As I find and conclude ultimately, her oft-repeated assertions are belied by the record.

circumstances.

*Id.* The magistrate judge found that plaintiff's deposition testimony was sufficient to raise a genuine issue of material fact regarding the voluntariness of her consent. Specifically, without ever recalling Officer Ireland's precise words – or any of his words – or describing his tone, plaintiff testified that the tone and context of his statements led her to believe that she could not refuse consent. The magistrate judge concluded that this testimony created an issue of credibility that precluded summary resolution.

I disagree. This analysis focuses too myopically on plaintiff's subjective – and otherwise unsubstantiated – assertions about the tone and context of Officer Ireland's words – none of which plaintiff could recall. Considering the totality of all the relevant, *objective* circumstances, no reasonable jury could find that plaintiff's consent to search was involuntary, even when viewing the evidence in the light most favorable to plaintiff.

None of the other myriad factors that has traditionally been found to inform the Fourth Amendment analysis is present in this case. There is no evidence of physical mistreatment, violence, threats, promises, inducements, deception, or trickery used to secure plaintiff's consent to search. Although plaintiff maintains that Officer Ireland's words and tone conveyed to her the message that she could not refuse consent, nothing in either her testimony or the remainder of the record supports a conclusion that his tone was demanding, aggressive, threatening, or hostile. There is no allegation or evidence that plaintiff's physical or mental condition made her particularly susceptible to Officer Ireland's assertion of authority. There were only two officers on the scene, and no weapons were displayed. Plaintiff was not under arrest, much less detained, at any

time prior to, during, or after the search.[4]

As weighed against these numerous, objective circumstances to the contrary, plaintiff's subjective interpretation of Officer Ireland's request as conveying the message that she could not refuse consent to search is simply not reasonable. Plaintiff provides no specifics whatsoever – not a single word or a single detail – that might allow the court or a rational jury to conclude that her will to refuse consent was overborne by the force of Officer Ireland's words or tone or the context of his statements to her. During her deposition, plaintiff had several opportunities to recall anything Officer Ireland said or did; however, she was unable to do so. Plaintiff did not provide a single detail about the words or tone used by Officer Ireland. Therefore, plaintiff has not presented any facts – as opposed to and distinguished from her uncircumstantiated opinion[5] – to establish that Officer Ireland, in effect, told her that she had to let him in her house, *i.e.*, that she could not refuse consent. Absent this factual *sine qua non*, no reasonable jury could find her subjective interpretation to be reasonable.

Further, the record is void of any facts evincing coercion, duress, or undue influence by Officer Ireland. **See Jones**, 701 F.3d at 1320 ("[N]othing in this record leads [the court] to believe that a reasonable person would have been so enervated by the surrounding circumstances that [she] would not have felt capable of rebuffing [the officer's] desired investigative plan."). Indeed, the court construes plaintiff's

---

[4] A circumstance obviating the necessity to read plaintiff her **Miranda** rights.

[5] Without some factual basis, her lay opinion would be inadmissible under Fed. R. Evid. 701 because neither the court in the first instance nor the jury in the final analysis would have an adequate factual basis to conclude that the opinion was rationally based on her perceptions, *see* Rule 701(a), or that the opinion was helpful in clearly understanding the testimony of the plaintiff or in determining whether her consent to search was voluntary, *see* Rule 701(b).

interpretation of Officer Ireland's statements as particularly unreasonable in light of the fact that plaintiff herself requested the officers' assistance in her dispute with Mr. Norman out of concern for her own safety and admittedly told the officers where firearms might be located within the house.

Granted, Officer Ireland did not affirmatively inform plaintiff that she could refuse consent. Yet such an advisement is neither absolutely required nor necessarily dispositive even when given. **Schneckloth v. Bustamonte**, 412 U.S. 218, 227, 93 S.Ct. 2041, 2048, 36 L.Ed.2d 854 (1973) ("While knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the *sine qua non* of an effective consent.").

If a plaintiff could create a genuine dispute of material fact implicating credibility by simply offering a subjective opinion without concomitant factual circumstantiation, then bona fide assertions of qualified immunity would be effectively eviscerated. In effect, a crucially important doctrine designed to insulate public officials from the ignominy, inefficacity, stress, and expense of spurious litigation could be vitiated by nothing more than a factually inscrutable opinion.

In short, given the totality of circumstances as evidenced from the undisputed record before me, I find and conclude that plaintiff has failed to demonstrate by specific facts a genuine dispute of material fact sufficient to surmount Officer Ireland's assertion of qualified immunity. Here, Officer Ireland is entitled to judgment as a matter of law under Fed. R. Civ. P. 56(a). Accordingly, his motion for summary judgment must be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections stated in **Officer John Ireland's Objection to the Recommendation of United States Magistrate Judge (Doc. No. 26)** [#227], filed October 31, 2013, are **SUSTAINED**;

2. That the **Recommendation of United States Magistrate Judge** [#226], filed October 17, 2013, respectfully, is **REJECTED**;

3. That **Officer John Ireland's Motion for Summary Judgment** [#207], filed August 30, 2013, is **GRANTED**;

4. That plaintiff's Fourth Amendment claim against defendant, Officer John Ireland, is **DISMISSED WITH PREJUDICE**;

6. That at the time judgment enters, judgment with prejudice **SHALL ENTER** on behalf of defendant, Officer John Ireland, against plaintiff, Elizabeth Wojdacz, on plaintiff's Fourth Amendment claim against him;

7. That defendant, Officer John Ireland, is **DROPPED** as a named party to this action, and the case caption **AMENDED** accordingly; and

8. That at the time judgment enters, defendant, Officer John Ireland, **SHALL BE AWARDED** his costs to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated December 13, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge