**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  12-cv-01483-REB-MEH

ELIZABETH WOJDACZ,

    Plaintiff,

v.

GARY LEE NORMAN, and
CLIFF HUDSON,

    Defendants.

**ORDER**

**Blackburn, J.**

The matters before me are (1) **Defendant Cliff Hudson's Emergency Motion for Leave To File Motion for Summary Judgment** [#253],[1] filed March 13, 2014; (2) **Plaintiff's Opposed Motion To Strike Defendant Cliff Hudson's Emergency Motion for Leave To File Motion for Summary Judgment** [#259], filed March 21, 2014; and (3) **Plaintiff's Opposed Motion To Strike** [#267], filed March 24, 2014.  I grant the motion to strike Mr. Hudson's out-of-time answer, deny his motion for leave to file an out-of-time motion for summary judgment, and deny plaintiff's motion to strike the emergency motion as moot.

Mr. Hudson was served ostensibly in this matter on August 23, 2012 (*see* [#33-3], filed August 27, 2012).  His answer was filed March 18, 2014 [#257], well beyond the

---

[1]  "[#253]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case management and case filing system (CM/ECF).  I use this convention throughout this order.

deadline for the filing of responsive pleadings.[2]  **FED. R. CIV. P.** 12(a)(1).  No leave of court was sought for this out-of-time filing, and accordingly, neither good cause nor excusable neglect has been shown to extent the deadline.  **FED. R. CIV. P.** 6(b)(1)(B).  The answer therefore is properly stricken, and plaintiff's motion seeking that remedy is granted.[2]

In the absence of a pertinent answer asserting any affirmative defense or other matter in avoidance, Mr. Hudson's proposed motion for summary judgment is premature, at best.[3]  That motion therefore will be denied without prejudice, thereby mooting plaintiff's motion to strike that document.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendant Cliff Hudson's Emergency Motion for Leave To File Motion for Summary Judgment** [#253], filed March 13, 2014, is **DENIED WITHOUT PREJUDICE** as premature;

2.  That **Plaintiff's Opposed Motion To Strike Defendant Cliff Hudson's Emergency Motion for Leave To File Motion for Summary Judgment** [#259], filed

---

[2]  Prior counsel filed an out-of-time motion to dismiss – without leave of court – on April 26, 2013, but that motion was contemporaneously stricken by the magistrate judge.  (**See Minute Order** [#174], filed April 30, 2013.)  **See FED. R. CIV. P.** 12(a)(4).

[2]  Although plaintiff seeks to strike the motion on the ground that Mr. Hudson is in default, she has never properly sought the entry of default against him pursuant to Rule 55(a), nor subsequently obtained a default judgment from this court, despite having expressed that intention early in the litigation.  (**See Plaintiff's Notion To Enter Default Judgment Against Gary Lee Norman, Patrick Miller and Cliff Hudson for Failing to Serve Answer or To Answer Amended Complaint** [#157], filed April 1, 2013.)  Rule 55 is not self-executing, however, and thus Mr. Hudson's default *vel non* remains inchoate at this juncture.

[3]  Moreover, present counsel's bare *ipse dixit* is not sufficient to establish the alleged negligence of prior counsel so as ostensibly to establish good cause for the out-of-time filing of a dispositive motion.  (**See Emergency Motion for Leave** at 3 & 4 [#253], filed March 13, 2014.)

March 21, 2014, is **DENIED AS MOOT**;

     3.  That **Plaintiff's Opposed Motion To Strike** [#267], filed March 24, 2014, is **GRANTED**; and

     4.  That **Defendant Cliff Hudson's Answer to Amended Complaint Filed August 2, 2012** [#257], filed March 18, 2014, is **STRICKEN**.

     Dated April 1, 2014, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge