**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01483-REB-MEH

ELIZABETH WOJDACZ,

    Plaintiff,

v.

GARY LEE NORMAN, and
CLIFF HUDSON,

    Defendants.

---

**ORDER DENYING DEFENDANT GARY NORMAN'S EMERGENCY
MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**

---

**Blackburn, J.**

The matter before me is **Defendant Gary Norman** [sic] **Emergency Motion for Leave To File Motion for Summary Judgment** [#264],[1] filed March 24, 2014. I deny the motion.

Mr. Norman points out that he is proceeding *pro se*, and he is correct that his status requires the court to more liberally construe his pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). The leeway afforded *pro se* pleadings, however, does not absolve *pro se*

---

[1] "[#264]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

litigants of the necessity of complying with the apposite rules and procedures that govern proceedings in federal court. ***Murray v. City of Tahlequah***, 312 F.3d 1196, 1200 n.3 (10th Cir. 2002); ***Odgen v. San Juan County***, 32 F.3d 452, 455 (10th Cir. 1994); ***Pohl v. Countrywide Home Loans, Inc.***, 2008 WL 681477 at *1 (D. Colo. March 6, 2008). Thus, Mr. Norman's asserted failure to realize that there might be a time limit within which to file a motion for summary judgment does not excuse his failure to timely file such a motion.

Nothing in the motion establishes good cause to allow the filing of a belated motion for summary judgment barely one month before trial. Mr. Norman has presented nothing to demonstrate that plaintiff cannot substantiate her legal claims against him. At best, he merely denies that plaintiff's claims are meritorious. Yet Mr. Norman's own incredulity of the facts as alleged by plaintiff is insufficient to entitle him to summary judgment. Summary judgment is appropriate only when there is no genuine dispute as to any material fact such that the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(a); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In resolving such a motion, the court is required to construe the evidence in the light most favorable to plaintiff. ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999). Mr. Norman has not demonstrated that the facts construed under this standard would fail to establish legal claims for relief

as to which plaintiff could recover.[2]

**THEREFORE, IT IS ORDERED** that **Defendant Gary Norman** [sic] **Emergency Motion for Leave To File Motion for Summary Judgment** [#264], filed March 24, 2014, is **DENIED**.

Dated April 1, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[2] Mr. Norman's professed assumption "that at some point common sense would prevail" is indeed quixotic. "It is not the proper function of the district court to assume the role of advocate for the *pro se* litigant." **Hall**, 935 F.2d at 1110. The court must rely on the parties, whether represented or not, to present the issues and prosecute the case. A party who fails to actively participate in the litigation, hopeful that the court will act on his behalf regardless, does so at his own peril.