**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.   12-cv-01483-REB-MEH

ELIZABETH WOJDACZ,

      Plaintiffs,

v.

GARY LEE NORMAN, and
CLIFF HUDSON

      Defendants.

**ORDER DENYING MOTION FOR LEAVE TO FILE
ANSWER AND MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

The matter before me is defendant Cliff Hudson's **Motion for Leave To File Answer and Motion for Summary Judgment** [#280],[1] filed April 3, 2014.  Exercising my discretion under D.C.COLO.LCivR 7.1(d), I rule on this motion without benefit of a response.  I deny the motion, strike the answer, and deny the motion for summary judgment.

This motion is filed within a month of the trial set in this matter.  Mr. Hudson argues that he should be allowed to file a belated answer and motion for summary judgment because of the negligence of his prior counsel, Mr. Topper.[2]  He asserts that

---

[1] "[#280]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2] Because Mr. Hudson is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404

he hired Mr. Topper soon after being served with the Amended Complaint on August 2, 2012. Nevertheless, Mr. Topper did not enter an appearance on Mr. Hudson's behalf until some nine months later. (*See* **Notice of Entry of Appearance** [#168], filed April 22, 2013.) He filed a motion that appeared to seek relief under Rule 12(b) soon thereafter (*see* **Defendant Hudson's Verified Response to Motion for Default Judgment and Motion To Dismiss All Counts Agains** [sic] **Defendant Cliff Hudson** [#172], filed April 26, 2013), but that motion was stricken without prejudice (*see* **Minute Order** [#174], filed April 30, 2013), and never refiled. In addition, Mr. Hudson avers that Mr. Topper prepared a motion for summary judgment, but never filed such a motion. (*See* **Minute Order** [#236], filed January 3, 2013 (striking **Affidavit of Cliff Hudson** [#235], filed December 30, 2013, on the basis that there was no motion for summary judgment then pending before the court).)

To warrant an extension of a deadline that has expired, as here, Mr. Hudson must establish both good cause and excusable neglect. **FED. R. CIV. P.** 6(b)(1)(B). "[T]he[se] two standards, although interrelated, are not identical and . . . 'good cause' requires a greater showing than 'excusable neglect.'" *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996). Because Mr. Hudson's motion fails to establish facts showing good

---

U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

In this regard, I note that Mr. Hudson has submitted a letter with his motion in which he apprises the court, *inter alia*, of his email address and asks to be contacted regarding this case in that manner. A *pro se* party who wishes to receive email communications must register to use the court's ECF system, take training offered by the clerk of the court, and be issued a login. The form used to begin this process is available on the District Court's website, http://www.cod.uscourts.gov/, under "E-Filing (ECF), Register for an ECF Account – Pro Se."

cause, he plainly cannot satisfy the more lenient burden of showing excusable neglect.[3]

A finding of good cause requires "some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified." ***Putnam v. Morris***, 833 F.2d 903, 905 (10th Cir. 1987) (citation and internal quotation marks omitted). Thus, it is not enough for Mr. Hudson to show that Mr. Topper did not comply with the deadlines for filing an answer and dispositive motions – he must show why the deadlines were not met. Nothing in his motion addresses this relevant inquiry.

Moreover, the primary consideration in determining whether good cause exists is the party's diligence in pursuing his rights. ***See Scull v. Management & Training Corp.***, 2012 WL 1596962 at *6 (D.N.M. May 2, 2012); ***Colorado Visionary Academy v. Medtronic, Inc.***, 194 F.R.D. 684, 697 (D. Colo.2000). The motion suggests just the opposite – that Mr. Topper was not diligent in defending this case on behalf of Mr. Hudson. Nothing in the motion explains Mr. Topper's failure to pursue the case, but if mere carelessness, ***Colorado Visionary Academy***, 194 F.R.D. at 687, as well as "simple inadvertence or mistake of counsel or ignorance of the rules," ***Putnam***, 833 F.2d at 905, will not support a finding of good cause, a completely unexplained failure to

---

[3] Excusable neglect is an equitable standard that "tak[es] account of all relevant circumstances surrounding the party's omission." ***Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership***, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993) (footnote omitted). In evaluating a claim of excusable neglect, the court considers a number of factors, none of which is addressed in the present motion. ***See id***. ***See also Panis v. Mission Hills Bank, N.A.***, 60 F.3d 1486, 1494 (10th Cir. 1995), ***cert. denied***, 116 S.Ct. 1045 (1996); ***Garcia v. Berkshire Life Insurance Co. of America***, 2008 WL 821805 at *2 (D. Colo. March 26, 2008). Even so, it is plain that the first two of these factors – "(1) the danger of prejudice to the non-moving party; [and] (2) the length of the delay and its potential impact on judicial proceedings," ***Pioneer Investment Services***, 113 S.Ct. at 1498 – weigh strongly against a finding of excusable neglect in this case.

comply with the rules is, *a fortiori,* not sufficient to entitle a party to relief.

It appears that Mr. Hudson, however, is under the impression that the alleged negligence of Mr. Topper should not prevent him, now proceeding *pro se*, from seeking an extension of the deadline. In this, he is mistaken. "Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent." ***Irwin v. Department of Veterans Affairs***, 498 U.S. 89, 92, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (citation and internal quotation marks omitted). Accordingly, "clients. . . are usually bound by their lawyers' actions – or, as here, inactions." ***Smith v. McCord***, 707 F.3d 1161, 1162 (10th Cir. 2013). More specifically in this case, "when a [party's] attorney misses a filing deadline, the [party] is bound by the oversight[.]" ***Maples v. Thomas***, – U.S. –, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012). ***See also Reynolds v. Federal Crop Insurance Corp.***, 752 F.Supp. 986, 988 (D. Colo. 1990) ("The good cause standard is stringent and is not met by showing . . . change of counsel or similar excuses.").

For these reasons, the motion for leave to file an answer and motion for summary judgment out of time must be denied. As a consequence, the answer must be stricken and the motion for summary judgment denied as well.

**THEREFORE, IT IS ORDERED** as follows:

1. That Mr. Hudson's **Motion for Leave To File Answer and Motion for Summary Judgment** [#280], filed April 3, 2014, is **DENIED**;

2. That **Defendant Cliff Hudson's Answer to Amended Complaint Filed August 2, 2012** [#279], filed April 3, 2014, is **STRICKEN**; and

      3. That Mr. Hudson's **Motion for Summary Judgment** [#281], filed April 3, 2014, is **DENIED**.

    Dated April 7, 2014, at Denver, Colorado.

                                                    **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge