**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.12-cv-01483-REB-MEH

ELIZABETH WOJDACZ,

    Plaintiff,

v.

GARY LEE NORMAN, and
CLIFF HUDSON

    Defendants.

**ORDER GRANTING THE MOTION OF NON-PARTY PATRICK A.
MILLER, M.D. TO QUASH SUBPOENA**

**Blackburn, J.**

The matter before me is **Non-Party Patrick A. Miller, M.D.'s Motion To Quash Subpoena** [#301],[1] filed April 30, 2014.  Given the imminency of the trial to which the motion relates, as well as the nature and merit of the arguments presented, I exercise my discretion under D.C.COLO.LCivR 7.1(d) and rule on the motion without benefit of a response.  I grant the motion and quash the subpoena.

The subpoena was issued to Dr. Miller on Wednesday, April 30, 2014, commanding his attendance at trial commencing on Monday, May 5, 2014.  Under the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, a subpoena "shall be served no later than seven days before the date specified in the subpoena."  **D.C.COLO.LCivR** 45.1.  Thus, the subpoena is procedurally deficient

---

[1] "[#301]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

and subject to quashal on that basis alone.

Moreover, substantively, the subpoena both fails to afford Dr. Miller "a reasonable time to comply," **FED. R. CIV. P.** 45(c)(3)(A)(i), and subjects both him and his patients to an "undue burden," **FED. R. CIV. P.** 45(c)(3)(A)(iv).  Affording a physician "with a full slate of appointments in a busy practice" less than three business days to clear his schedule fails to permit him a reasonable time within which to comply.  ***See Nelson v. Granite State Insurance Co.***, 2010 WL 908845 at *1 (W.D. Okla. March 10, 2010).[2] In addition, the untimeliness of the subpoena compounds the undue burden compliance would impose on Dr. Miller.  Dr. Miller is a doctor of internal medicine who maintains a general practice in Colorado Springs, Colorado.  He avers that on Monday, May 5, he has twenty-two patient appointments scheduled.  Some of these patients may need to wait nearly two months before they can be rescheduled.[3]  Compliance with the subpoena therefore would impose an undue burden on both Dr. Miller and his patients.  ***See id.*** at *2.

In addition, and although not argued by Dr. Miller, I note that the Proof of Service of the subpoena, which is appended to the motion, is not signed, nor does it specify the circumstances under which service was accomplished.   (***See* Motion App.**, Exh. B.)  There is thus no competent evidence that Dr. Miller was properly served in accordance

---

[2]  My conclusion in this regard is bolstered by the fact that plaintiff knew as of the date of the Final Pretrial Conference on April 24, 2014, that she would be required to subpoena Dr. Miller in order to secure his testimony for trial.  Yet she waited nearly a full week to attempt to effectuate service.

[3]  It is also reasonable to assume that, if Dr. Miller cannot begin or cannot complete his testimony by the end of the court day on Monday, May 5, he will be required to reschedule even more patients.

with Fed. R. Civ. P. 45(b).[4]  Finally, my determination that quashal is warranted is further buttressed by the highly questionable relevance of Dr. Miller's purported testimony, as set forth in the Final Pretrial Order, to the issues at trial.

Accordingly, the motion to quash is well-taken and will be granted on both procedural and substantive grounds.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Non-Party Patrick A. Miller, M.D.'s Motion To Quash Subpoena** [#301], filed April 30, 2014, is **GRANTED**; and

2. That the subpoena issued by plaintiff to Patrick A. Miller, M.D., directing Dr. Miller to appear before this court to testify in the trial of this matter is **QUASHED** and is of no further force and effect.

Dated May 1, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

---

[4] If plaintiff attempted to serve Dr. Miller herself, such attempted service would be improper under the Federal Rules and provide yet another independent basis warranting quashal. *See* FED. R. CIV. P. 45(b)(1) (providing that service of a subpoena must be made, *inter alia*, by a person not a party to the action).