**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.12-cv-01483-REB-MEH

ELIZABETH WOJDACZ,

    Plaintiffs,
v.

GARY LEE NORMAN, and
CLIFF HUDSON

    Defendants.

# ORDER

**Blackburn, J.**

    The matter before me is plaintiff's **Motion for Reconsideration** [#308], filed May 2, 2014. By this motion, plaintiff seeks reconsideration of my orders dismissing certain defendants from this lawsuit. Exercising my discretion pursuant to D.C.COLO.LCivR 7.1(d) to rule on the motion without awaiting the benefit of a response, I deny the motion without prejudice as premature.

    Because plaintiff is proceeding *pro se*, I have construed her pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). Nevertheless, the bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error

> or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Plaintiff does not suggest that any of these factors is implicated here. She does state that, at some later date following the conclusion of the trial of this matter, she intends to "file a separate addendum for each dismissed party as related to the evidence presented at trial that could not have been considered at the time when those parties were dismissed." (**Motion** at 2.) Giving this representation the liberal construction to which it is entitled, I conclude that plaintiff may be suggesting that she has new evidence regarding the viability of her claims against these previously dismissed defendants. Nevertheless, the nature of that evidence is not apparent from the motion presently filed, and therefore the court has no basis to determine whether reconsideration is warranted at this juncture. Accordingly, I find plaintiff's motion premature, and deny it without prejudice on that basis.

**THEREFORE, IT IS ORDERED** that plaintiff's **Motion for Reconsideration** [#308], filed May 2, 2014, is **DENIED WITHOUT PREJUDICE** as premature.

Dated May 5, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge