**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.12-cv-01483-REB-MEH

ELIZABETH WOJDACZ,

    Plaintiffs,

v.

GARY LEE NORMAN, and
CLIFF HUDSON

    Defendants.

## ORDER

**Blackburn, J.**

The matter before me is **Plaintiff** [*sic*] **Notice of Fraud Upon the Court** [#307],[1] filed May 2, 2014. By this motion, plaintiff seeks to amend the **Final Pretrial Order** [#294], filed April 24, 2014, to include federal RICO claims. She also seeks my recusal.

Because plaintiff is proceeding pro se, I construed her pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See **Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

I have jurisdiction over this matter under 28 U.S.C. § 1331 (federal question). I exercise my discretion to rule on the motion without awaiting the benefit of a response. *See* **D.C.COLO.LCivR** 7.1(d). I deny the motion to amend the Final Pretrial Order as moot and

---

[1] "[#307]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

deny the motion to recuse.

Regarding the inclusion of federal RICO claims in the Final Pretrial Order, I note that, despite my initial stance at the final pretrial conference to the contrary, I reconsidered my position *sua sponte* prior to the issuance of the Order, which now includes such claims, which may be presented at trial.  (**See Final Pretrial Order** ¶¶ 3(a) at 2 & 3(c)(2)(a) at 3-4.)  Plaintiff is admonished to read the orders of the court to avoid the waste of time and effort required to address baseless motions such as this.

Regarding the request for my recusal, and as with plaintiff's previous similar attempt, plaintiff has shown no basis, much less a reasonable basis, for requiring my recusal in this matter.[2]  The fact that plaintiff has filed a lawsuit naming me as a defendant based on my rulings in this case provides no grounds for recusal in this matter.  **See In re Evergreen Securities, Ltd.**, 570 F.3d 1257, 1265 (11th Cir. 2009) ("The mere filing of a complaint of judicial misconduct is not grounds for recusal."); **United States v. Studley**, 783 F.2d 934, 939-40 (9th Cir.1986) (judge is not disqualified by a litigant's suit or threatened suit, or by a litigant's "intemperate and scurrilous attacks").  **See also Liteky v. United States**, 510 U.S. 540, 554, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994) (dissatisfaction with court's legal rulings provides no basis supporting recusal of presiding judge).

Plaintiff's remaining allegations regarding my conduct in this matter not only are wholly unfounded, but scurrilous and contemptuous.  From the court's indication that it would fulfill its

---

[2]  Pursuant to 28 U.S.C. § 455, a judge must recuse himself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality."  **Bryce v. Episcopal Church in the Diocese of Colorado**, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted).  Proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias.  **Id**.; **Salt Lake Tribune Publishing Co. v. AT & T Corp.**, 353 F.Supp.2d 1160, 1172 (D. Utah 2005).  Nevertheless, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."  **United States v. Hines**, 696 F.2d 722, 729 (10th Cir. 1982); **see also Bryce**, 289 F.3d at 659.  Instead, "'[d]isqualification for lack of impartiality must have a *reasonable* basis.'"  **See Jackson v. Fort Stanton Hospital and Training School**, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R. Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original).

role as arbiter and gatekeeper of the evidence to be presented at trial, plaintiff has crafted out of whole cloth an elaborate, paranoid fantasy by which she supposes the court, *inter alia*, has accepted bribes and tampered with evidence.  To accuse a federal tribunal of high crimes and corruption such as plaintiff blithely asserts here without a single shred of evidence is extraordinarily irresponsible and, indeed, vindictive.  Plaintiff's *pro se* status does not permit her *carte blanche* recklessly to cast aspersions on the integrity and morality of the presiding judge or on the dignity of this tribunal based on nothing more than her wild, libelous suspicions. Her transparent, eleventh-hour attempt to disqualify the court on the eve of trial will not succeed on the basis of such flimsy, unsubstantiated, speculative, and irrational assertions.

**THEREFORE IT IS ORDERED** that **Plaintiff** [*sic*] **Notice of Fraud Upon the Court** [#307], filed May 2, 2014, is **DENIED AS MOOT IN PART** and **DENIED IN PART** as follows:

1. That the motion is **DENIED AS MOOT** insofar as it seeks to allow plaintiff to present federal RICO claims during the trial of this case; and

2. That in all other respects, the motion is **DENIED**.

Dated May 5, 2014, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge