**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No.12-cv-01483-REB-MEH

ELIZABETH WOJDACZ,

      Plaintiff,

v.

GARY LEE NORMAN, and
CLIFF HUDSON

      Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**

---

**Blackburn, J.**

The matter before me is **Plaintiff** [*sic*] **Opposed Motion For New Trial** [#320],[1]

filed June 10, 2014.  I deny the motion.

## I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal

question).

## II.  STANDARD OF REVIEW

When a case has been tried to a jury, a new trial may be granted "for any of the

reasons for which new trial have heretofore been granted in actions at law in the courts

of the United States."  **FED. R. CIV. P.** 59(a)(1).  A motion for new trial "is not regarded

with favor and should only be granted with great caution."  **United States v. Kelley**, 929

F.2d 582, 586 (10th Cir. 1991).  The decision whether to grant a new trial is committed to

---

[1] "[#320]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

the sound discretion of the trial court. *Id.*

## III.  ANALYSIS

Plaintiff's constitutional and RICO claims were tried to a jury on May 5-7, 2014.

After plaintiff rested, each defendant made an oral, midtrial motion under Rule 50(a) for

judgment as a matter of law.  I granted these motions, finding that plaintiff had failed to

offer proof sufficient to meet all essential elements of any of her claims.  Although I

previously construed a notice filed by plaintiff as a motion for new trial (*see* **Order**

**Denying Plaintiff's Motion for New Trial** [#317], filed May 16, 2014 (addressing notice

entitled **Fraud Upon the Court by Robert Blackburn, Gary Norman and Cliff Hudson**

[#315], filed May 13, 2014)), plaintiff advised the court that her intent in filing that

document was otherwise, and subsequently filed the instant motion (*see* **Plaintiff's**

**Correction to the Record** [#319], filed May 21, 2014).  By this motion, plaintiff alleges a

variety of errors attendant on the trial.  As none of these contentions has merit, her

motion for new trial is denied.[1]

Plaintiff presents several arguments going to the evidence admitted at and

excluded from the trial.  She complains first that the court fashioned its own Pretrial

Order rather than accepting the proposed version she submitted ([#290], filed April 15,

2014).  Although the Local Rules of Practice of the United States District Court for the

District of Colorado – Civil and this court's Civil Practice Standards dictate the formatting

of the parties' proposed Final Pretrial Order, this document nevertheless is merely that –

---

[1]  Because plaintiff is proceeding pro se, I have construed her pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

a proposal.  Because the Final Pretrial Order becomes the operative pleading governing

the course and scope of the trial, *see Youren v. Tintic School District*, 343 F.3d 1296,

1304 (10th Cir. 2003), it is vital that it completely and accurately reflect the issues to be

presented to the jury.  The rambling, desultory proposed order which plaintiff submitted

was not equal to that task.[2]  As I advised the parties at the combined Final Pretrial

Conference and Trial Preparation Conference, given the unique circumstances of this

case, I found it necessary to take an active role in managing and guiding the

proceedings.[3]  This included fashioning a more concise and workable Final Pretrial

Order.  Nothing in that process warrants a new trial.

Also prior to trial, I quashed a subpoena directed at Dr. Patrick Miller on both

procedural and substantive grounds.  (*See* **Order Granting the Motion for Non-Party**

**Patrick A. Miller, M.D. To Quash Subpoena** [#302], filed May 1, 2014.)  I previously

found no basis for reconsidering that determination (*see* **Order Denying Plaintiff's**

**Motion for New Trial** at 2-3 [#317], filed May 16, 2014), and plaintiff presents nothing

novel here to convince me otherwise.

Plaintiff next complains that she did not receive defendant Gary Norman's

---

[2]  As I have noted previously, and as shown again in this filing, it appears that plaintiff is under the impression that she had a right to present her case in whatever manner and by whatever evidence she alone chose.  No litigant, represented or *pro se*, has such a right.  Every litigant must conform her presentation of her case to the various rules and procedures governing proceedings before the court, and the court retains authority to manage the proceedings to promote the swift and efficient resolution of cases, protect witnesses and the jury from undue burden, and preserve the dignity of the tribunal.  As I have previously advised plaintiff, a federal courtroom is not a bully pulpit.

[3]  As plaintiff notes, after initially telling plaintiff that she would not be permitted to present evidence going to a federal RICO claim, I reversed course and allowed her to do so.  Although plaintiff complains that this course of events made it "impossible to plan her presentation of the evidence," plaintiff at all times had a state law COCCA claim – which parallels the federal RICO statute in most substantive respects – it is hard to imagine how this series of events prejudiced plaintiff, which assertion she does not bother to substantiate in any event.

**Objections to Exhibits of Plaintiff Elizabeth Wojdacz** [#303], filed May 1, 2014, prior

to trial.[4]  Plaintiff fails to specify how any of the statements contained in Mr. Norman's

objections might have been relevant to the presentation of her case or how the alleged

absence of this document prejudiced her in any particular.  Moreover, the court's own

review of this document reveals nothing therein that was not thoroughly covered by Mr.

Norman's testimony at trial.

Plaintiff also points to a variety of alleged errors in the presentation of the

evidence.  For example, she cites to defendant Cliff Hudson's reference in his opening

remarks to the number of previous cases she allegedly had filed.  There is no way in

which this remark could be thought to have prejudiced plaintiff.  Aside from the fact that I

specifically instructed the jury prior to the start of trial that the parties' opening statements

were not evidence, *see* Weeks v. Angelone, 528 U.S. 225, 234, 120 S.Ct. 727, 733, 145

L.Ed.2d 727 (2000) (jurors are presumed to follow the instructions of the court), the case

ultimately was not submitted to the jury.  The remark certainly did not prejudice this

court's legal determination of the Rule 50 motions, which determination was based not

on plaintiff's litigation history, but on the utter lack of evidence establishing any of her

claims in this lawsuit.

In a similar vein, plaintiff suggests that I improperly prevented her from asking

leading questions of Mr. Norman and Mr. Hudson as hostile witnesses.  The record will

reflect plainly that plaintiff was admonished repeatedly for making improper editorial

---

[4]  Although plaintiff claims that Mr. Norman mailed this document to the wrong zip code, the court's
docket shows that it was mailed to plaintiff's address shown in the court's records.  Plaintiff has offered
nothing to substantiate her claim that the mailing was misdirected, much less that it was misdirected
intentionally.

statements in response to Messrs. Norman's and Hudson's answers to her questions.

*See Cadorna v. City and County of Denver*, 245 F.R.D. 490, 492-93 (D. Colo. 2007).

The record also will belie plaintiff's suggestion that my requirement that she present her

own testimony by way of question and answer rather than as a narrative "tampered with

the presentation of her case."  Plaintiff complied with my directive and presented a linear,

chronological, and effective (if not ultimately efficacious) recitation of the facts she

believed to be important to her claims, evidencing no hint of the intimidation she now

claims she felt as a result.  Nor was there any indication that plaintiff's alleged short-term

memory problems negatively effected the presentation of her case in any way.[5]  Thus,

her suggestion that I *sua sponte* should have made some unspecified accommodation

for this alleged mental limitation demonstrates no error, much less the type of error that

would warrant a new trial.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

(court may not act as advocate for *pro se* party).

Finally, plaintiff presents two substantive arguments challenging my decision to

grant defendants' midtrial motions for judgment as a matter of law.  First, she challenges

my determination that she failed to establish the enterprise element of her RICO and

COCCA claims, asserting that Mr. Norman was the enterprise.  While it is true that an

individual can constitute an enterprise for purposes of RICO, *see* 18 U.S.C. § 1961(4),

proof of an enterprise requires much more.  To establish a RICO enterprise, plaintiff also

must adduce evidence establishing:

> (1) "an ongoing organization with a decision-making

---

[5]  This issue came up in the context of Mr. Norman's cross-examination of plaintiff.  Although plaintiff testified that this problem had existed for 28 years, she never previously raised it with the court, nor affirmatively sought an accommodation.

> framework or mechanism for controlling the group," (2) "that
> various associates function as a continuing unit," and (3) "that
> the enterprise exists separate and apart from the pattern of
> racketeering activity."

*Internet Archive v. Shell*, 505 F.Supp.2d 755, 769 (D. Colo. 2007) (quoting *United States v. Smith*, 413 F.3d 1253, 1266-67 (10th Cir. 2005), *cert. denied* 126 S.Ct. 1093 (2006)).  Plaintiff failed to meet that burden here, and the motion to dismiss her RICO and COCCA claims at midtrial was properly granted.

Second, plaintiff alleges with respect to her claims under section 1983 that Mr. Norman was a state actor because he "relied on the court and police to assist him in his schemes."  My ruling at midtrial made very clear the fallacy of this too-simplistic formulation of the joint action doctrine.  Succinctly stated, plaintiff's theory of state action rested on nothing more than Mr. Norman's resort to the assistance of the courts and the police in dealing with plaintiff as their marriage came to an end.  These circumstances are insufficient to create state action.  *See Dennis v. Sparks*, 449 U.S. 24, 28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *Scott v. Hern*, 216 F.3d 897, 906-07 (10th Cir. 2000); *Carey v. Continental Airlines, Inc*., 823 F.2d 1402, 1404 (10th Cir. 1987).  Accordingly, plaintiff had no basis on which to assert viable constitutional claims against these two private parties.

Finally, I note that plaintiff continues with her campaign to defame this court by again sprinkling throughout her motion a variety of vile characterizations and wholly baseless insinuations going to the supposed motivations for the court's legal rulings in this matter.  Plaintiff essentially attempts to transform her own failure to present sufficient evidence to submit this case to a jury into an outlandish conspiratorial plot involving the

6

court and defendants.  Such unsubstantiated and wholly fanciful aspersions are not new

in this litigation, but whereas previously they were merely tiresome, they now are

becoming abusive.[6]  Although the court will not attempt to dignify such wild conjecture by

addressing each charge substantively – because they are, in fact, completely

unsubstantiated – I warn plaintiff that further filings that contain such matters may be

stricken without further consideration.  ***See Garrett v. Selby Connor Maddux & Janer***,

425 F.3d 836, 841 (10th Cir. 2005) (court has inherent authority to strike pleadings from

the docket which contain abusive or offensive language and serve no legitimate

purpose); ***Phillips v. Carey***, 638 F.2d 207, 208 (10th Cir.) (court has the legal authority

pursuant to Fed. R. Civ. P. 12(f) to strike pleadings which are impertinent or scandalous

in nature), ***cert. denied***, 101 S.Ct. 1524 (1981).

      **THEREFORE, IT IS ORDERED** that  **Plaintiff** [sic] **Opposed Motion For New**

**Trial** [#320], filed June 10, 2014, is **DENIED**.

      Dated October 6, 2014, at Denver, Colorado.

                                        **BY THE COURT:**

                                        Robert E. Blackburn
                                        United States District Judge

---

[6]  It is, for example, a most grave matter to accuse a federal judge of accepting a bribe.  To do so without a single shred of actual evidence, as plaintiff does here, is unconscionable.